| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIGHT EFFICIENT DESIGN and ELECTRICAL WHOLESALE SUPPLY CO., INC., <br><br> Defendants. | Case No. 4:16-cv-00482-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Plaintiff CAO Lighting, Inc. ("CAO") claims that Defendant Light Efficient Design[1] is infringing on one of its patents by "making, using, selling, and/or offering to sell LED retrofit lighting devices." Dkt. 1, ¶ 25. CAO also claims that Defendant Electric Wholesale Supply Company, Inc. ("EWS") is infringing on one of its patents by distributing Light Efficient Design's infringing products. *Id.* ¶¶ 17, 25. Defendants now ask this Court to sever the claims against each Defendant, transfer the claim against Light Efficient design to the Northern District of Illinois, and stay the claim against EWS in this District until the suit against Light Efficient Design is complete. For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

CAO is a Utah corporation. Light Efficient Design is a limited liability company that is organized under the laws of the State of Illinois and has its principal place of business in Cary,

---

[1] According to Defendants, a company called TADD, LCC is the true Defendant. TADD, LCC does business as Light Efficient Design. This memo refers to this Defendant as Light Efficient Design.

**MEMORANDUM DECISION AND ORDER– PAGE 1**

Illinois. EWS is incorporated in Idaho and has its principal place of business in Idaho Falls, Idaho. EWS distributes, among other things, Light Efficient Design's products in Idaho.

The United States Patent and Trademark office issued Patent 6,465,961 ("the '961 Patent") to CAO on October 15, 2002. On October 28, 2016, CAO filed this lawsuit in the District of Idaho, asserting one claim of patent infringement against Defendants. In its Complaint, CAO included screenshots of products (lightbulbs) that Defendants have displayed or offered for sale on their respective websites and that CAO claims are infringing on the '961 Patent. CAO seeks both an injunction against Defendants and compensatory damages.

Defendants filed an Answer to the Complaint on December 9, 2016. Dkt. 9. On January 19, 2017, Judge B. Lynn Winmill filed a case management order setting the discovery deadline for October 16, 2017, and the dispositive motion deadline for March 19, 2018. Dkt. 21. The discovery deadline was contingent upon the Court holding a *Markman* hearing in August of 2017 and issuing a *Markman* order by September 14, 2017. Dkts. 19–21. However, on July 14, 2017, Defendants filed the instant Motion to Sever, Stay, and Transfer. Dkt. 28. Due to extensions of time this Court granted in the briefing schedule, this Motion became ripe on September 15, 2017. Moreover, on August 2, 2017, Judge Winmill transferred this case to the undersigned. Accordingly, in the interest of justice, the Court vacated all case management deadlines and rescheduled the *Markman* hearing for November 9, 2017. However, this hearing will not be necessary in light of the Court's decision in the instant motion.

### III. ANALYSIS

Defendants argue that the Court must transfer the claims against Light Efficient Design because the District of Idaho is the improper venue as to that Defendant. In response, CAO asserts that (1) venue is proper and (2) regardless of whether venue is proper, Defendants waived

any challenge to venue. This Court first addresses the merits of the request to transfer and then addresses whether Defendants waived their right to challenge venue.

*A. Whether Venue is Proper*

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue in this case is governed by 28 U.S.C. § 1400(b), "the exclusive statutory provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (citation omitted). The patent venue statute provides: "Any civil action for patent infringement may be brought in [(1)] the judicial district where the defendant resides, or [(2)] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400(b). Thus, there are two different means of establishing proper venue under § 1400(b).

The first means does not apply in this case. The Supreme Court recently clarified that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. It is undisputed that TADD, doing business as Light Efficient Design, is incorporated in Illinois. Therefore, TADD does not reside in Idaho for the purposes of the patent venue statute.

The second method is not as obvious. Under this method, CAO has the burden of showing: (a) that Light Efficient Design "has a regular and established place of business" in Idaho; and (b) that Light Efficient Design "has committed acts of infringement" in Idaho. 28 U.S.C.A. § 1400(b). The parties do not dispute that CAO has alleged that Light Efficient Design

**MEMORANDUM DECISION AND ORDER– PAGE 3**

has committed acts of infringement in Idaho. Therefore, the Court need only address whether Light Efficient Design has a regular and established place of business in Idaho.

The Federal Circuit recently explained that "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray Inc.*, __ F.3d __, No. 2017-129, 2017 WL 4201535, at *5 (Fed. Cir. Sept. 21, 2017). Rather, this standard has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 4.

First, there "must be a physical place in the district." *Id.* at 5. "While the 'place' need not be a 'fixed physical presence in the sense of a formal office or store,' there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* (internal citation omitted).

Second, the place "must be a *regular* and *established* place of business." *Id.* (emphasis added). "A business may be 'regular,' for example, if it operates in a 'steady[,] uniform[,] orderly [, and] methodical' manner." *Id.* (citation omitted). A business may be established if it is "settle[d] certainly, or fix[ed] permanently." *Id.* at 6 (quoting Black's Law Dictionary (1st ed. 1891)). "[A] business can certainly move its location" and still be considered established, but "it must for a meaningful time period be stable." *Id.*

Third, the place of business must be "the place of the defendant." *Id.* In other words, the place cannot be "a place of the defendant's employee" or a place of the defendant's independent contractor. *Id.* "Relevant considerations include," among other things, "whether the defendant

owns or leases the place, or exercises other attributes of possession or control over the place."
*Id.*

From the briefs and evidence the parties submitted to the Court, the following facts are clear. Light Efficient Design has seventeen "preferred partner" distributors in Idaho, all of which have physical locations in Idaho. EWS is one of these preferred partners. Light Efficient Design is obligated to stock its products at these locations, and, in turn, these preferred partners display marketing materials for Light Efficient Design products. Light Efficient Design has also agreed to indemnify three of these preferred partners, include EWS. In addition, Light Efficient Design has two representatives assigned to Idaho who market, sell, and provide technical support for Light Efficient Design in Idaho. However, both of these representatives are located outside of Idaho; Wilson Sales is located in Bountiful, Utah, and Hall Marketing is located in Portland, Oregon. These representatives routinely visit distributors in Idaho and promote Light Efficient Design products at trade shows in Idaho. Notably, these sales representatives also sell products for other manufacturers besides Light Efficient Design. On its website, Light Efficient Design lists its preferred Idaho partners, its Idaho representatives, and three significant projects in Idaho that have used Light Efficient Design products. Finally, the revenue from sales in the State of Idaho accounts for about one-half of one percent of Light Efficient Design's overall revenue.

Based on these facts, the Court cannot conclude that Light Efficient Design has a regular and established place of business in Idaho. First, its sales representatives are not based in Idaho, they visit Idaho only occasionally, and they are not the direct employees of Light Efficient Design. Thus, the sale representatives' activities do not establish proper venue in Idaho because they do not have a "fixed physical presence" here and do not conduct regular business here. Second, Light Efficient Design's preferred partner distributors come closer to establishing venue

**MEMORANDUM DECISION AND ORDER– PAGE 5**

here, but they still miss the mark. These distributors have physical locations in Idaho and appear to be regular and established businesses. However, these physical locations are the locations of the distributors, not of Light Efficient Design. Light Efficient Design does not own, rent, lease, or occupy these locations or any other property or equipment in the state. Light Efficient Design does not even employ anyone who owns, leases, or occupies any real property in the State of Idaho. Thus, there is no physical location in Idaho that is "the place of [Light Efficient Design]," *id.* at 6, "from which the business of [Light Efficient Design] is carried out," *id.* at 5. Finally, neither Light Efficient Design's website, which lists its contacts to Idaho, nor its revenue from Idaho sales, changes this analysis. These factors have little significance in light of the three general requirements the Federal Circuit laid out in *In re Cray Inc.*

Because Light Efficient Design does not reside in Idaho and does not have a regular and established place of business in Idaho, the Court must conclude that the District of Idaho is not the proper venue in which to adjudicate the patent infringement claims CAO has asserted against Light Efficient Designed. *See* 28 U.S.C. § 1400(b).

*B. Whether Defendants Waived Venue*

CAO argues that even if the District of Idaho is the improper venue, the Court should not transfer this case because Defendants waived any challenge to venue. Defendants acknowledge that Federal Rule of Civil Procedure 12 required them to "object to venue by motion or in [their] answer to the complaint." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also* 28 U.S.C. § 1406(b) (providing that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue").

**MEMORANDUM DECISION AND ORDER– PAGE 6**

Nevertheless, Defendants argue that the Court should still transfer this case because (1) in their Answer, they denied that venue was proper and (2) the Supreme Court's May 27, 2017, decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), constitutes an intervening change in law that excuses any waiver.

Defendants' first argument is unsuccessful. It is true that Defendants denied that venue was proper in their Answer. Specifically, the Answer reads as follows:

> 6. The venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c).
>
> **ANSWER:** Defendants deny the allegations in Paragraph 6.

Dkt. 9, at 3. This general denial, however, without any details as to why venue is not proper, and without filing a motion to transfer venue, is insufficient to preserve the defense. *See Textron, Inc. v. Maloney-Crawford Tank & Mfg. Co.*, 252 F. Supp. 362, 364 (S.D. Tex. 1966); *see also Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15CV21, 2017 WL 2556679, at *4 (E.D. Va. June 7, 2017) (rejecting defendants argument that it "ha[d] not waived its right to challenge venue because it raised that defense in its answer").

Defendants' second argument is more meritorious. "One 'exception to the general rule of waiver' is 'when there has been an intervening change in the law recognizing an issue that was not previously available.'" *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:15-CV-00064-HZ, 2017 WL 3877858, at *6 (D. Or. Sept. 5, 2017) (*quoting Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999)). The intervening change in law "exception applies when 'there was strong precedent prior to the change, such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner.'" *Id.* (quoting *Holland*, 181 F.3d at 605–06).

**MEMORANDUM DECISION AND ORDER– PAGE 7**

A surprising number of district courts have already taken up the question of whether *TC Heartland* constitutes intervening law excusing waiver. These courts are sharply divided. Some background on the law helps explain the split in opinion.

In 1957, the Supreme Court, in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), concluded that for purposes of the patent venue statute, 28 U.S.C. § 1400(b), a domestic corporation "resides" only in its State of incorporation. Then, in 1988, "Congress amended the general venue statute, [28 U.S.C.] § 1391(c), to provide that '[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.'" *TC Heartland*, 137 S. Ct. at 1520 (quoting Judicial Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669). Two years later, the Federal Circuit took up the question of whether this amendment altered the patent venue statute (as interpreted in *Fourco*). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990). The Federal Circuit in *VE Holding* concluded that the 1988 amendment established the definition of "reside" for all other venue statutes, including § 1400(b): "On its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *VE Holding*, 917 F.2d at 1578–80. In other words, the Federal Circuit held that *Fourco* was no longer good law because it relied on an earlier version of § 1391.

Congress did not amend § 1391 again until 2011. *TC Heartland*, 137 S. Ct. at 1520. Shortly thereafter, the Federal Circuit took up the question of whether the new amendment overruled its prior holding in *VE Holding*. *See In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016). The Federal Circuit concluded that it did not and *VE Holding* was still good law. *Id.* at 1343. However, the Supreme Court granted certiorari and reversed the Federal

**MEMORANDUM DECISION AND ORDER– PAGE 8**

Circuit. *TC Heartland*, 37 S. Ct. at 1518. Significantly, the Supreme Court held its 1957 decision in *Fourco* was still good law. It explained that Congress had not amended § 1400(b) since *Fourco* and that, in amending § 1391, Congress had not altered the meaning of § 1400(b).

The courts that have concluded that *TC Heartland* is not intervening law excusing waiver have focused on the fact that "[t]he Supreme Court . . . never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent." *See, e.g.*, *Cobalt Boats*, 2017 WL 2556679 at *3. Accordingly, these courts reason, "the conflict between *Fourco* and *VE Holding* was a defense that was available to Defendants just as easily as it was to the defendant in TC Heartland, who initially raised the argument before Plaintiff filed this case." *Id.*; *see also Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 215CV00037RWSRSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) ("While such a motion might have been viewed as meritless in a lower court, that does not change the harsh reality that Hughes would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did.").

In contrast, other courts have found "*TC Heartland* affected a 'sea change' in the law of venue for patent cases." *See OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017). One court on this side of the debate explained,

> *TC Heartland* changed the venue landscape. For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to a court's personal jurisdiction but where it is not incorporated and has no regular and established place of business. Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.

*Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). This Court agrees with this reasoning. *VE Holding* was binding on this Court when Defendants filed their answer. *See OptoLum*, 2017 WL 3130642, at *4. Defendants'

**MEMORANDUM DECISION AND ORDER– PAGE 9**

counsel likely relied on *VE Holding*—as the rest of the patent bar has for the last three decades—in deciding not to challenge venue at that time. *See id.* Of course, Defendants "could have incurred the time and expense of" filing such a motion with this Court, "appealing to the Federal Circuit and losing, and then filing a petition with the Supreme Court in the hope that it would grant certiorari and reverse *VE Holding*." *See id.* However, the time and expense of such a strategy rendered it, for all practical purposes, unavailable. *Id.*; *see also Columbia Sportswear N. Am.*, 2017 WL 3877858, at *7–8 (collecting cases); *Valspar Corp. v. PPG Indus., Inc.*, No. 16-CV-1429 (SRN/SER), 2017 WL 3382063, at *4 (D. Minn. Aug. 4, 2017) (finding it "illogical and unfair to argue that [the defendant] erred by not making an argument that both this Court and the parties knew would have been rejected—just as it had consistently been rejected around the country for a quarter of a century"). This Court also questions whether the Federal Circuit actually "overruled" *Fourco* in *VE Holding*; rather, it appears the Federal Circuit "instead determined whether *Congress* intended to ["overrule" *Fourco*] when it amended § 1391(c)." *OptoLum*, 2017 WL 3130642, at *3.

In sum, the Court finds *TC Heartland* was an intervening change in law that excused Defendants' prior waiver of their challenge to venue.

### C. Remedy

The Court now addresses whether the Defendants' request to sever, stay, and transfer is the proper remedy.

As an initial matter, as explained above, venue in this District is proper as to EWS but not as to Light Efficient Design.

> [W]hen venue is proper as to one defendant but not to other defendants, the district court is faced with three options: (1) dismiss the action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case,

retain jurisdiction over the defendant for whom venue is proper, and transfer or dismiss the other claims.

*Bar T Timber, Inc. v. Pac. Fibre Prod.*, No. CV-13-30-BLG-CSO, 2013 WL 5209962, at *6 (D. Mont. Sept. 13, 2013). The second option is not available because there does not appear to be another district where venue is proper for all Defendants. The first option is available; however, Defendants have requested that the Court transfer, instead of dismiss, the claims against Light Efficient Design. Thus, that leaves the third option as the only viable option for the Court.

Federal Rule of Civil Procedure 21 gives the Court "broad discretion to 'sever any claim against a party.'" *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Courts have interpreted this provision as "authoriz[ing] the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance," such as the "administration of justice." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Specifically, in patent infringement cases, courts have found that severance and transfer is appropriate if three factors are met: (1) "the remaining claims are peripheral to the severed claims;" (2) "adjudication of the severed claims would potentially dispose of the remaining claims;" and (3) transfer of the severed claims are warranted. *Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010); *see also Blue Spike, LLC v. Zeitera, LLC*, No. 14-CV-01648 YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014); *Ambrose v. Steelcase, Inc.*, No. 02 C 2753, 2002 WL 1447871, at *6-7 (N.D. Ill. July 3, 2002). The Court finds all three factors are met here.

First, the Court finds that CAO's claims against EWS, a distributor, are peripheral to the claims against Light Efficient Design, the manufacturer of the allegedly infringing goods. *See id.* at *3; *see also Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357

(Fed. Cir. 2011); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Fleming v. Escort, Inc.*, No. 1:12-CV-066-BLW, 2013 WL 3995259, at *5 (D. Idaho Aug. 5, 2013). CAO does not allege that EWS had any role in the design or manufacture of the infringing products. Thus, Light Efficient Design has a greater interest in defending its actions against charges of patent infringement and the claims against EWS are secondary.

Second, the Court also finds that adjudication of the claims against Light Efficient Design would likely dispose of the claims against EWS. The claims against EWS will be moot whether CAO or Light Efficient Design prevails on the patent infringement claims. EWS will only be potentially liable if the claims against Light Efficient Design are resolved in favor of CAO. And, even if that were to occur, CAO is not entitled to double recovery (against both Light Efficient Design and EWS) for the sale of infringing products. *See Shifferaw*, 2010 WL 1064380, at *1.

Third, as the Court has already explained, transfer of the claims against Light Efficient Design is not only warranted, but necessary. Accordingly, the Court finds it appropriate to sever the claims against Light Efficient Design and transfer them to the Northern District of Illinois.

Finally, the Court finds it appropriate to stay the claims against EWS remaining in this District. Again, courts have recognized that "litigation against . . . the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.Cir. 1990). Courts have applied this principal to stay litigation against a customer or distributor while a "case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening*, 657 F.3d at 1357. As in those case, this Court finds staying the claims against EWS while the claims against Light Efficient Design proceed in the Northern District of Illinois would "serve 'the just, speedy, and

inexpensive' disposition of this litigation." *Ambrose*, 2002 WL 1447871, at \*7 (quoting Fed. R. Civ. P. 1).

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Sever, Stay, and Transfer (Dkt. 28) is GRANTED. The claims against Light Efficient Design are hereby severed. The Clerk is directed to transfer the claims against Light Efficient Design to the Northern District of Illinois. All proceedings against EWS are stayed until further order of the Court.

2. Plaintiff's unopposed Motion to Seal Opposition to Defendants' Motion to Sever, Stay, and Transfer and Declaration of Brian E. Lahti (Dkt. 34) is GRANTED.

3. The Motion for Protective Order (Dkt. 23) is GRANTED. The Court hereby enters the Stipulated Protective Order.



DATED: October 11, 2017

Honorable David C. Nye
United States District Court