UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO LIGHTING, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIGHT EFFICIENT DESIGN, ET AL. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:17-CV-07359 |

**JOINT INITIAL STATUS REPORT**

**I.  NATURE OF THE CASE**

    **A.  Attorneys of Record for Each Party, Including Lead Trial Attorney**

For Plaintiff:

Todd G. Vare (Lead Trial Attorney)
Paul B. Hunt
Mark Hagedorn
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833


For Defendants:

David J. Marr
Timothy M. McCarthy
Eric Dorkin
Clark Hill PLC
130 N. Randolph Street, Suite 3900
Chicago, IL 60601


    **B.  Non-Served Parties**

There are no parties that have not yet been served.

### C. Basis for Federal Jurisdiction

This Court has subject matter jurisdiction over plaintiff's complaint under 28 U.S.C. §§ 1331 and 1338(a). This case was transferred to this Court, on motion by the defendant, from the U.S. District Court for the District of Idaho. All parties are subject to this Court's personal jurisdiction.

### D. The Nature of the Claims Asserted in the Complaint and Any Counterclaims

This is a patent infringement action arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiff has asserted that the defendant infringes U.S. Patent 6,465,961 ("the '961 patent"). Specifically, the '961 patent describes and claims new and novel features of an LED lighting source. The defendants make and sell various lighting devices, including the 800 Series Lighting Products, that plaintiff contends infringe the '961 patent.

Defendant denies that the '961 claims new and novel features and denies infringement.

### E. Relief Sought by Plaintiff

Plaintiff seeks an award of damages against defendant adequate to compensate plaintiff for the infringement that has occurred, including but not limited to a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began. While discovery is necessary to determine the appropriate amount of damages, plaintiff currently anticipates that many of the *Georgia-Pacific* factors will be relevant to the determination of a reasonable royalty.

## II. FACTUAL AND LEGAL ISSUES

The issues to be decided in this action are: (a) whether the defendant infringes directly and/or indirectly any valid claim of the '961 patent, as correctly construed; (b) whether any of

216849379.2 35239/309292

the asserted claims of the '961 patent are invalid under 35 U.S.C. § 103; (c) whether plaintiff should receive monetary relief and, if so, the amount and extent of such relief; and (d) whether any party should receive an award of costs, expenses, and/or attorneys' fees.

### III. SETTLEMENT DISCUSSIONS AND SETTLEMENT POTENTIAL

#### A. Settlement Discussion to Date

The parties have engaged in preliminary settlement discussions, including most recently a telephonic conference conducted on January 30, 2018. The parties anticipate continuing settlement discussions in the near future.

#### B. Settlement Conference

The parties request the Court schedule a settlement conference in the next 60-120 days.

### IV. DISCOVERY TAKEN TO DATE AND ANTICIPATED IN THE FUTURE

#### A. Plaintiff's Position on Discovery

The parties served written discovery requests, and initial responses were provided, while the case was pending in Idaho. However, the defendants' responses were deficient.

Plaintiff has served two sets of written discovery (interrogatories and requests for production). On September 7, 2017, plaintiff's counsel wrote to defendants' counsel regarding numerous deficiencies in defendants' responses to plaintiff's first set of interrogatories and first requests for production of documents. In correspondence dated October 25, 2017, defendants' counsel provided a "partial" response to attempt to cure those deficiencies, but admitted "more to come." Defendants' responses to plaintiff's first set of interrogatories and first set of requests for production remain incomplete and should be supplemented immediately.

3

Further, defendants have failed to provide any response to plaintiff's second set of interrogatories and second set of requests for production, which were served on September 15, 2017. Plaintiff's counsel advised defendants' counsel of defendants' failure to provide responses; to date, defendants' responses remain outstanding. Accordingly defendant should be required to immediately serve complete and accurate responses to plaintiff's two sets of written discovery requests. Moreover, defendants have waived any objections by failure to respond to the second set of interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(A); *Welgus v. Ryobi Tech., Inc.*, 08-cv-1597 (N.D. Ill. August 4, 2010); *Autotech Tech. Ltd. Partnership v. Automation direct.com,* Inc.*, 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006).*

In addition, plaintiff intends to take additional discovery of defendant, including fact depositions of certain key individuals as well as under Fed. R. Civ. P. 30(b)(6). Plaintiff may also serve requests for admission pursuant to Fed. R. Civ. P. 36. Plaintiff may also take third party discovery relating to defendant's invalidity contentions.

### B. Defendants' Position on Discovery

Defendant served initial discovery requests and was met with blanket, boiler-plate objections. Plaintiff has not produced any meaningful documents yet. Defendant expects to have a meaningful meet-and-confer in the near future to expedite the discovery process.

### C. Case Schedule and Deadlines

Attached as Exhibit A to this Report is a proposed Case Schedule.

## V. TRIAL

### A. Jury Trial

Plaintiff has requested a trial by jury.

4

**B.     Length of Trial**

The parties anticipate that trial can be completed in 5 court days.

Respectfully submitted,

| | |
|---|---|
| */s/ Todd G. Vare* | */s/ Eric Dorkin* |
| Todd G. Vare (Lead Trial Attorney) | David Joseph Marr |
| Paul B. Hunt | Timothy M. McCarthy |
| Mark Hagedorn | Eric Dorkin |
| Barnes & Thornburg LLP | Clark Hill PLC |
| One North Wacker Drive, Suite 4400 | 130 E. Washington Street, Suite 3900 |
| Chicago, IL 60606 | Chicago, IL 60601 |
| | |
| Attorneys for Plaintiff, | Attorneys for Defendants |
| CAO Lighting, Inc. | Light Efficient Design and |
| | Electrical Wholesale Supply Co., Inc. |